**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-2257

———————

PAUL CONONIE,
                                    Appellant

v.

BOROUGH OF WEST VIEW; MICHAEL BRUNNER; RICHARD G. OPIELA;
COMMONWEALTH OF PENNSYLVANIA; WEST VIEW POLICE DEPARTMENT

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00824)
District Judge:  Honorable Marilyn J. Horan

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2026

Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 8, 2026)

———————

OPINION*

———————

PER CURIAM

———

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Paul Cononie appeals *pro se* and *in forma pauperis* from the District Court's dismissal of his second amended complaint without further leave to amend. We will affirm.

Cononie alleges that, around 1:30 AM on April 8, 2024, two police officers employed by the Borough of West View in Allegheny County, Pennsylvania, unlawfully arrested and detained him at his residence without informing him of the crime he had committed, and then searched his belongings without his consent to determine his identity. In Cononie's telling, the arrest stemmed from his efforts to "exit a volatile situation" with an intoxicated woman with whom he lived. *See* ECF Doc. 15 ¶ 10. He was charged with strangulation in violation of 18 Pa. C.S. § 2718, though the charge later was withdrawn. Cononie then filed suit under 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania against one of the officers, the Borough, the Commonwealth, and a magisterial district judge, raising two counts of false imprisonment and one count each of assault and battery, identity theft, and treason.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e) and dismissed it without prejudice. The court concluded that Cononie's claim for monetary damages against the Commonwealth was barred by the Eleventh Amendment, that neither the Commonwealth nor the Borough were "persons" for Section 1983 purposes, and that the judge was entitled to judicial immunity. As for the false imprisonment claims against the named police officer, the court dismissed one count with leave to

2

amend and the other with prejudice. The former invoked his warrantless arrest, but otherwise alleged insufficient facts to show that he was unlawfully detained; the latter turned solely upon the purported delay he experienced before seeing a magistrate judge, which did not amount to false imprisonment. Cononie failed to state a claim for assault and battery because the conduct he complained of—being arrested, handcuffed, searched, fingerprinted, booked, and imprisoned—was within the bounds of permissible police behavior as alleged; he did not plausibly allege that his identifying information was used for unlawful purposes under Pennsylvania's identity theft statute; and he lacked a private right of action to assert a claim of treason.

The District Court granted Cononie leave to amend his false imprisonment, assault and battery, and identity theft claims against the named police officer only; it dismissed all other claims and defendants with prejudice. Cononie largely ignored the District Court's directive. His amended complaint omitted some of the claims he was expressly permitted to reassert against the named officer and instead raised new, vague claims against all defendants for violating his civil and constitutional rights, which the court dismissed for want of any material factual allegations. The court again granted him leave to amend, but this time solely to plead a claim of false imprisonment against the named officer. Cononie did that and more, asserting in his second amended complaint that all defendants had falsely imprisoned him and that they violated the Fourth and Fourteenth Amendments and several provisions of the Pennsylvania Constitution.

3

Defendants moved to dismiss the operative pleading under Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted their motions under the latter rule. Although Cononie included some new details about his arrest, the court explained that they undermined his false imprisonment claim because they effectively confirmed that a woman with whom he had a relationship called the police to report that he had harmed her in their shared residence, where they both were found when police arrived and interviewed them. Because the responding officers had reason to believe that Cononie had committed a crime after those interviews, he could not plausibly assert that his arrest was unlawful. Nor could he show that the officers assaulted him merely by placing him under arrest. The District Court also determined that the named officer was entitled to qualified immunity because he relied upon a credible report that a crime had occurred, which he corroborated by interviewing the complainant. The court again explained the grounds for its earlier dismissal of the other defendants, and, given that Cononie had failed to state a claim despite three attempts to do so, dismissed his second amended complaint with no further leave to amend. Cononie appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint under Rule 12(b)(6) *de novo*. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014).

4

Cononie does not identify any specific errors with the District Court's analysis, thereby forfeiting any claims he might have raised. *See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020) (citing *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)); *In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003). Instead, he contends that the court simply "followed the crowd" in granting appellees' dismissal motions, which he believes betrayed a bias against him. *See* C.A. Doc. 11 at pdf 8, 10. We disagree. The District Court thoroughly and properly assessed his claims in a series of opinions that identified numerous deficiencies with his pleadings and offered him several opportunities to cure them. He failed to do so. Dismissal without further leave to amend thus was appropriate.[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] To the extent Cononie seeks a writ of mandamus to compel the District Court's recusal, his request is denied because his arguments do not meet the stringent standards for issuing such a writ.